COMMUNITY TELECASTING CORPO-
RATION, Appellant,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,
Moline Television Corporation,
Intervenor.

MIDLAND BROADCASTING CO.,
Appellant,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,
Moline Television Corporation,
Intervenor.

ILLIWAY TELEVISION, INC., Appellant,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,
Moline Television Corporation,
Intervenor.

TELE-VIEWS NEWS COMPANY, Inc.,
Appellant,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,
Moline Television Corporation,
Intervenor.

Nos. 17092, 17102, 17108, 17110.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 12, 1963.

Decided April 18, 1963.

Messrs. Paul A. Porter, Washington, D. C., for appellant in No. 17092 and Stanley S. Neustadt, Cohn and Marks, Washington, D. C., for appellant in No. 17108, argued for all appellants. Mr. Reed Miller, Washington, D. C., was also on the brief for appellant in No. 17092. Mr. Paul Dobin was also on the brief for appellant in No. 17108.

Mr. Herman I. Branse, Counsel, Federal Communications Commission, with whom Messrs. Max D. Paglin, General Counsel, and Daniel R. Ohlbaum, Associate General Counsel, Federal Communications Commission, were on the brief, for appellee. Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, also entered an appearance for appellee.

Mr. Thomas N. Dowd, Washington, D. C., for intervenor. Mr. Harold David Cohen, Washington, D. C., also entered an appearance for intervenor.

Mr. Vincent B. Welch, Washington, D. C., was on the brief for appellant in No. 17102.

Messrs. Joseph M. Kittner and Thomas N. Frohock, Washington, D. C., were on the brief for appellant in No. 17110. Mr. James A. McKenna, Jr., Washington, D. C., also entered an appearance for appellant in No. 17110.

Before EDGERTON, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

Before us are cases numbered 17,092, 17,102, 17,108 and 17,110 presenting appeals from a Decision and Order of the Federal Communications Commission, released May 21, 1962.[1] The intervenor, Moline, became the successful applicant. The four appellants have filed a consolidated brief challenging the award to Moline in respects which, so far as we deem necessary, will hereinafter be discussed.

An evidentiary hearing having been commenced on January 26, 1959, the record was closed on September 24, 1959. On April 28, 1960, the hearing examiner released his Initial Decision looking toward the granting of the application of Community and the denial of the applications of each of the others. The case was orally argued before the Commission sitting *en banc* on June 2, 1961. As of May 21, 1962, the Commission released its decision, with two Commissioners not participating and two dissenting.[2] Therein, the Commission agreed with the hearing examiner's conclusions that the five applicants were substantially equal in the categories of operating policies, program planning, staff, studios and equipment.

Obviously, resolution of the several remaining issues involves an exercise of judgment by each member of the Commission, with some giving greater weight than others to particular factors. It is a close case in whatever view the Commission took or might have taken with respect to which applicant would best serve the public interest, convenience and necessity in light of the record made and on the basis of which an ultimate conclusion must be reached. The Commission concluded that Moline had made a better over-all showing, taking into account all criteria.[3]

The appellants in their consolidated presentation united in contending that the Commission erred in not requiring proof from Moline that it had ascertained the programming needs of the area to be served by surveys among the public and consultation with community leaders. The Commission, on the other hand, found that Moline was familiar with the needs of the proposed service area and intended to serve such needs, in light of the fact that so many officers and directors of Moline, representing 75% of its stock, are local residents. The record shows that they are engaged in diverse occupations and professions, and because of their active participation throughout a long period in many civic, religious, charitable, professional and social organizations, were the very community leaders among whom a survey as to community programming needs would be conducted. Their knowledge and experience in such respects had produced a consensus as a result of their many meetings and discussions out of which emanated the suggestions for the programs which were incorporated into their proposals.

The appellants argued further that the Commission had been arbitrary in awarding meritorious considerations, favorable to Moline, on the basis of broadcast experience, largely attributable to many years of experience gleaned by Moline's president, Schreiber, owner of ten per cent of Moline's stock, who is to devote his full time to the operation of the station. The Commission concluded that no principal of any other applicant could match the extensive experience of Schreiber who for some ten years had been general manager of a television

1. 32 F.C.C. 923. Community Telecasting Corporation, herein referred to as "Community," Midland Broadcasting Company, Illiway Television, Inc. and Tele-Views News Co., Inc. and Moline Television Corporation, herein referred to as "Moline," were mutually exclusive applicants for a construction permit for a television station to operate on Channel 8 at Moline, Illinois.

2. Commissioner Ford filed a statement of his dissenting views, observing in part, as do we, that this "is admittedly a close case."

3. See Brown Telecasters, Inc. v. F. C. C., 110 U.S.App.D.C. 127, 129, 289 F.2d 868, 870, cert. denied, 368 U.S. 916, 82 S.Ct. 196, 7 L.Ed.2d 131 (1961).

station in Chicago and whose connections with the broadcasting industry dated back to 1931, when he had become public relations director of Station WGN. Such background was assessed by the Commission as amounting to a positive factor only in comparison with the status of the principals of other applicants. We see no basis for downgrading the experience of a principal whose training and background had included the duties of supervision of the departments of an important outlet which involved programming, production, public relations and coordination of activities.

■■ The appellants finally contend that the Commission's decision fails adequately to set forth the reasons and the basis for its ultimate conclusion. It is argued that the "form of the decision is such"[4] that an undue burden is being placed upon the court in its consideration of the respects in which the Commission has treated the many exceptions to the examiner's decision. There have been occasions in our review of administrative agency action when we found ourselves without an adequate record upon which to exercise our review function. We have not hesitated to remand where we deemed it necessary that such a course be followed. We have considered the particulars emphasized by the appellants in their argument that the Commission here has failed to meet the fundamental requirements[5] of an agency decision. We do not share appellants' feeling that the record before us is inadequate. We have taken into account the examples cited to us of respects in which the Commission is said to have failed as we weighed the appellant's claims of conflicts between the examiner's findings and those of the Commission. We are not persuaded that there are controlling contradictions or that decisional significance has been improperly attached to the instances in which the Commission disagreed with its examiner. It is in the treatment of such aspects that the primary duty devolves upon the Commission. Even though we might differ with the Commission in some such respects, we think it has reached a reasoned conclusion on the over-all basis upon which its judgment depends.[6]

Affirmed.

4. Cf. Albertson v. Federal Communications Commission, 100 U.S.App.D.C. 103, 105, 243 F.2d 209, 211 (1957).

5. See, e. g., Johnston Broadcasting Co. v. Federal Commun. Com'n, 85 U.S.App. D.C. 40, 46, 175 F.2d 351, 357 (1949).

6. Tampa Times Company v. Federal Communications Com'n, 97 U.S.App.D.C. 256, 259, 230 F.2d 224, 227 (1956).